IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **SHERRY JO WOOLVERTON-JONES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No.:   1:21-cv-01027-JDB-jay |
| ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

On February 8, 2021, *pro se* Plaintiff, Sherry Jo Woolverton-Jones, filed her Social Security Complaint against the Commissioner of Social Security. [D.E. 2]. On April 30, 2021 she filed a motion to proceed *in forma pauperis*. [D.E. 6]. The Court granted Plaintiff leave to proceed *in forma pauperis* on May 10, 2021. [D.E. 7]. This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to conduct a screening of the Complaint because Plaintiff sought and received *in forma pauperis* status. "Notwithstanding any filing fee, or any portion thereof, that may have been paid," the court must dismiss the case at any time if, among other things, the court finds that the action or appeal is frivolous, malicious, or fails to state a claim upon which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B). In this case, the Magistrate Judge finds that Plaintiff has stated a claim on which relief may be granted and recommends that Plaintiff's claim survive screening.

The Court is required to screen in forma pauperis complaints and to dismiss any complaint,

or any portion thereof, if the action—

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

The United States District Court for the Southern District of New York explained the interplay between the various subparts of Rule 8 of the Federal Rules of Civil Procedure.

    Fed.R.Civ.P. 8(a) requires that a complaint contain "a short and plain statement of

> the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(d)(1) requires that each allegation be "simple, concise, and direct." Fed.R.Civ.P. 8(a)(2) requires that the plaintiff must show "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." "Factual allegations must be enough to raise a right to relief above the speculative level[.]" "[P]rolix, unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed in this Circuit."

*Morales v. New York*, 22 F. Supp.3d 256, 266 (S.D.N.Y. 2014) (internal citations omitted). The Sixth Circuit Court of Appeals and district courts within this circuit have also recognized and enforced compliance with the requirements of Rule 8 of the Federal Rules of Civil Procedure. *See, e.g.*, *Ellis v. Eckankar Intern. Office*, 803 F.2d 719 (Table), 1986 WL 17775 (6th Cir. 1986) (affirming district courts dismissal of a pro se complaint that was rambling and failed to provide "fair notice of what the plaintiff's claim [was] and the ground upon which it rest[ed]"); *Mitchell v. City of Nashville*, No. 3:08-cv-0844, 2008 WL 4646169 at *1-2 (M.D. Tenn. Oct. 20, 2008) (adopting a Magistrate Judge's recommendation of dismissal of a three page pro se complaint containing "disjointed, often repetitive, sometimes obscene, fragmented, largely unintelligible ramblings"); *Harris v. U.S. Marshals Service*, No. 6:15-CV-99-KCC, 2015 WL 3893058 at *2 (E.D. Kent. June 24, 2015) (holding that the Plaintiff's "rambling, indecipherable, and disjointed" filings warranted dismissal of his habeas petition); *Green v. William*, No. 1:17-cv-266-PLR-SKL, 2017 WL 6892910 at *2 (E.D. Tenn. Dec. 15, 2017); *Lewis v. North American Specialty Ins. Co.*, No. 2:09-cv-179, 2009 WL 1586210 at *1-3 (S.D. Ohio June 5, 2009).

Finally, while *pro se* complaints are held to less stringent standards and liberally construed, *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251 at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply

with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original). When considering a pro se complaint, "the court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 Fed App'x 573, 574 (6th Cir. 2003) (affirming trial court's dismissal of a vague, conclusory, and factually insufficient complaint.)

Here, Plaintiff has exhausted her administrative remedies before pursuing this appeal. Construing her Complaint liberally, Plaintiff has alleged sufficient facts to state a claim. Plaintiff claims that the ALJ erred in finding that she had engaged in substantial gainful activity, erred in omitting myriad severe impairments, erred in finding that she does not meet a listing in 20 CFR Part 404 Subpart P, Appendix 1, erred in assigning weight to Dr. Keown's opinion, and erred in the RFC finding in this case. These alleged errors are sufficient to state a claim and are construed as a claim that substantial evidence does not support the ALJ's decision in this case. The Magistrate Judge therefore recommends that Plaintiff's claim survive screening.

It is Recommended that the Clerk shall issue process for Defendant and deliver that process to the Marshal for service. Service shall be made on the Defendant pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States.

It is further Recommended that it be ordered that Plaintiff shall serve a copy of every document filed in this cause on the attorneys for Defendant. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and this Court's local rules.[1] Plaintiff shall promptly notify the Clerk of any change of

---

[1] A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

address or extended absence. Failure to comply with these requirements, or any other order of the

Court, may result in the dismissal of this case without further notice.

    Respectfully Submitted this 21st day of September, 2021.

                                               **s/Jon A. York**
                                             UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**